Torres Gonzalez v. Barr

BIA
Montante, IJ
A089 010 002

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

CIRILA TORRES GONZALEZ,

> *Petitioner,*

> v.                                          17-2179
>                                             NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:            Stephen K. Tills, Esq., Orchard
                           Park, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Jeffrey R. Meyer, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART AND DENIED IN PART.

Petitioner Cirila Torres Gonzalez, a native and citizen of Mexico, seeks review of a June 15, 2017 decision of the BIA affirming a June 13, 2013 decision of an Immigration Judge ("IJ") denying Torres Gonzalez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cirila Torres Gonzalez,* No. A089 010 002 (B.I.A. June 15, 2017), *aff'g* No. A089 010 002 (Immig. Ct. Buffalo June 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen*

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.   Asylum

    We dismiss the petition as it relates to asylum because, for two separate reasons, we lack jurisdiction.  First, Torres Gonzalez did not challenge the denial of asylum before the BIA.  *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (requiring petitioner to raise before the BIA each category of relief in their petition); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").  Second, Torres Gonzalez does not raise any reviewable constitutional claim or question of law as to the agency's determination that she failed timely to file her asylum request.  *See* 8 U.S.C. §§ 1158(a)(2)(B), (D), (a)(3) (precluding judicial review of agency's finding that application was untimely); *id.* § 1252(a)(2)(D) (preserving judicial review of constitutional claims and questions of law).

## II. Withholding of Removal[1]

We deny the petition as it relates to withholding of removal because we identify no error in the BIA's conclusion that Torres Gonzalez was not a member of the particular social group that she proposed. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."). To establish eligibility for withholding of removal based on membership in a social group, the applicant must establish both that the group is a "particular social group" for asylum eligibility purposes, *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007)(*per curiam*), and that she has suffered past persecution or has demonstrated a likelihood of future persecution on account of her membership in that group, *see Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). Although the BIA had at the time ruled that "married women in Guatemala who are unable to leave their relationship" constituted a cognizable particular social group that "form[s] the basis of a claim for . . . withholding

---

[1] In her brief on appeal, Torres Gonzalez has not separately addressed the agency's denial of CAT relief. We therefore treat any related challenge as abandoned. *See Pierre v. Gonzales*, 502 F.3d 109, 113 n.2 (2d Cir. 2007)(internal quotations omitted).

4

of removal," *Matter of A-R-C-G-*, et al., 26 I. & N. Dec. 388, 388-90 (B.I.A. 2014)(internal quotation marks omitted), *overruled by Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018), the BIA reasonably determined here that, assuming such a group could be recognized in Mexico, Torres Gonzalez was not a member of that social group. As the BIA reasoned, the record did not establish that Torres Gonzalez was unable to leave her former partner, given that he had not contacted her since 2005, when she obtained an order of protection. Nor has he made any threats against her since he returned to Mexico in 2008, and he has not threatened or harmed members of Torres Gonzalez's family who remain in Mexico. Although Torres Gonzalez also argues that the IJ erred in finding no cognizable social group, the BIA assumed the group was cognizable and denied relief based only on a conclusion that Torres Gonzalez had failed to show that she was part of the group. *See Xue Hong Yang*, 426 F.3d at 522 (providing that in circumstances where the BIA has modified the IJ decision, we review the IJ's decision as modified by the BIA).

For the foregoing reasons, Torres-Gonzalez's petition for review is DISMISSED IN PART AND DENIED IN REMAINING PART.

5

Torres-Gonzalez's motion for a stay of removal is DISMISSED as MOOT.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court